## In the Matter of the Estate of SAMUEL TANDLICH, Deceased.

Surrogate's Court, New York County, February (Received March, 1924).

**Wills — construction — testator directed application of proceeds of sale of property provided legatees " study a profession "— will contained no residuary clause — when provision of will deemed condition subsequent — when legatees entitled to proportionate share for purposes suggested by testator.**

The will of testator, who was survived by nine brothers and sisters, and fifteen nephews and nieces, four of whom are adults, ten over fourteen years of age and one under that age, while directing all of his property to be sold and " the proceeds, together with all my money, shall be applied for the study of my nephews and nieces, provided that my nephews and nieces choose to study a profession," made no mention of the brothers and sisters and contained no residuary clause. *Held,* that the provision with regard to the study of a profession was a condition subsequent and precatory and the funds in the hands of the executor being sufficient, each of said nephews and nieces was entitled to a proportionate share thereof to be used for the purposes suggested by the testator.

PROCEEDINGS upon an accounting and to construe a will.

*Mullen & Bloch (Maurice Bloch* and *Harrison W. Gebhardt,* of counsel), for executors.

*Henry Stern*, special guardian.

*Andrew J. Ewald*, for Michael Tandlich, Alexander John Tandlich, Irene Wolf and other brothers similarly situated.

*Charles M. Setlow*, for Rosa Rosenwasser.

O'BRIEN, S.   In this accounting proceeding a question of construction is presented involving the 3d paragraph of the will of the testator, in which he directs that all his property be sold and " the proceeds, together with all my money, shall be applied for the study of my nephews and nieces, provided that my nephews and nieces choose to study a profession."

The testator was survived by fifteen nephews and nieces, four of whom are adults, one is an infant under fourteen years of age and ten are infants over fourteen years of age.   The total fund to be applied under this paragraph of the will is $9,187.17.   No trust is created, no trustee named, no period named for which the trust is to run, nor any lives referred to by which the duration of a trust is to be measured.   The will, it appears, was drawn by an attorney, but hastily and at a time when the deceased was sick in bed.

There is no residuary clause in the will.   The testator leaves nine brothers and sisters as his next of kin, so that if this paragraph be construed in such a manner as to result in intestacy as to this fund these brothers and sisters would take to the exclusion of the nephews and nieces.   The court is of the opinion, however, that the testator by this 3d paragraph clearly expresses a preference for these nephews and nieces.   He does not mention the brothers and sisters.   Furthermore, the law favors testacy rather than intestacy where it is possible to adopt such a construction.   The provision with regard to the study of a profession is a condition subsequent rather than a condition precedent.   This paragraph may be fairly construed as giving legacies to the respective nephews and nieces, with the precatory words attached that they study a profession and the court so construed it.   The testator was himself a professional man, being a doctor.   It was his wish that his nephews and nieces enter professions.   The funds in the hands of the executor are sufficient to give each nephew and niece about $600, which would enable a nephew or niece to study a profession.

I, therefore, hold that under all the circumstances each of testator's nephews and nieces is entitled to a proportionate share of this fund, to be used by such nephew or niece for the purposes suggested by the testator.

Tax costs and submit decree on notice settling the account accordingly.

Decreed accordingly.